Good morning, Your Honors. My name is Waukeen McCoy. I represent my office and myself in this appeal. I want to reserve two minutes of rebuttal, if I may. This appeal is from an order from the district court awarding attorney's fees to the Schneider & Wallace law firm for a submission of a letter brief regarding declaratory relief. It's our position that the award of attorney's fees to Schneider & Wallace is an abuse of discretion. And the order must be reversed because there is no case authority that would deem class representatives, third party beneficiaries to a class counsel's co-counseling agreement. The trial court deemed the class representatives prevailing parties in the dispute with my office relating to fees on settlement of individual claims. Now, to give the court history as to how this all came about, is that I was retained by approximately 30 employees at FedEx, from FedEx, to represent their interests on various claims against the company. Race discrimination, gender discrimination, retaliation, wrongful discharge. I decided from meeting the claims from these plaintiffs that were separate and apart from the class claims. For example, if you had, I had a client, Paulina Boykin, for example, who had a gender discrimination claim. That gender discrimination claim had nothing to do with race. It had to do with her being a female in the workplace. Well, that gender claim would not be a class claim. It wouldn't be a race claim. So what I decided is that I should put a team of lawyers together, I embarked on this endeavor to get class counsel to help me on the class claims. And I did so. So I got a group of attorneys together and believed that this group could adequately represent the members of the class as well as any class reps that would represent the class members. Counsel, Judge Ilston complimented you. She thought that you had performed a minor miracle here in turning the settlement around after your trial. But I believe that unlike Parker in the last appeal, you're not complaining about what the judge did. You clearly signed on to the settlement. You clearly signed on to the class settlement issue, that that's all I'm getting. You didn't like what the judge did, of course, here. But in this case, how do you dispute the argument that Wallace makes that we were, in fact, defending the clients? We weren't representing ourselves. We were representing the clients. We were, in fact, defending the clients because out of your fees, the total, you have to pay Wallace. That's what it cost the clients to defend against what you were seeking additionally. Okay. Well, I disagree with the Court's view of what had taken place. And I did... That's Judge Ilston's view, of course. Judge Ilston's view, and that's why we're before the Court today. I did object to how the arrangement with Judge Ilston precluded me from getting my fee on the non-class claims early on. And that was appealed, and this Court indicated that I shouldn't get paid any more money because I had this co-counseling agreement with a class counsel. And that's all in good for now. I mean, that's what the Court looked at. For the bridge. In other words, you agreed and it covered the ballpark. It just wasn't related to the class. Right. But what here, the question is whether Mr. Wallace and his firm can get fees on a claim where the Court decided that the class representatives were the prevailing parties. He said that his agreement with me allows him to get, that he was the prevailing party and that he should get attorney's fees from our contract. Well, the problem here is that the Court, Judge Ilston, deemed that the representatives were the prevailing parties. And that's what he said. He said that they were the prevailing parties in the dispute regarding the fees. And they, Wallace, is representing those clients. Therefore, you know that's what he's going to say when he stands up here. How do you contradict that? The problem is, is that the only way you can get attorney's fees is by contract and by statute. Class counsel, myself, as well as Mr. Wallace and all the class counsel that I put together, had an agreement, a separate agreement, with those representatives for the case. And in that agreement, which is supposed to be here, not the agreement between Mr. Wallace and I, did not call for attorney's fees. There's no provision that gives the class reps attorney's fees for any work or any dispute that arises in whoever is deemed the prevailing party. You're just saying there's no statutory or contract provision regarding this dispute. That's correct. Well, I guess everything you've said sounds like you're trying to give us a background, but let's get to the point. Let's look at the co-counsel agreement. Right. Co-counsel agreement is what Judge Yelston is looking at. Right. The co-counsel agreement says that, what it says. I mean, I'm looking at it. And it says that at this point, the only reason they're seeking a reimbursement from you is because you wanted fees you weren't entitled to get. Okay. And they were having to defend about it. All right. Your Honor, that's true. That's what the thing is, is that I was entitled to, the court said I wasn't, but I was entitled to the fee because it related to non-class claims. It wasn't related to class claims. And that's why everything with Judge Yelston went south, because I said, okay, if you say that I'm not entitled to the fee, then I'm not entitled to the fee. That's what the court said. Okay. And then, what's the difference between the plaintiffs and the plaintiffs? I'm saying that they were acting on behalf of themselves. Well, but it's the plaintiffs that you were going after fees from. And they were trying to keep you from getting those fees from the plaintiffs. Isn't that true? That's true. And so they were helping the plaintiffs in that particular situation. That's true. And then, in helping the plaintiffs on that kind of a situation, they went to the co-counsel agreement and they said, the reason you shouldn't get it is because of the co-counsel agreement and that they're third-party beneficiaries of that agreement. That's what they suggested, right? Well, they didn't suggest that in their opening brief, Your Honor. They waited until the reply to raise that issue. Well, it doesn't matter. In any event, I'm just trying to suggest that it seems to me that this agreement, the co-counsel agreement, is the agreement on which they want to base their defense of plaintiffs. And you went after plaintiffs. And so it seems to me the co-counsel agreement is dead on. Your Honor, the co-counseling agreement is not dead on because the court said the prevailing party was the class representatives. There was a separate agreement for the class representatives. If there was an issue that was raised from the class representatives, it had to pertain to the agreement. When the co-counseling agreement was entered into by the class counsel, we didn't even know who the class representatives were. So the fact that they were intended third-party beneficiaries is untrue. And we already had a separate agreement with them. The co-counseling agreement related to what I would get, because I was, I brought them in. It was 6 percent off the top. There was Lodestar, that the attorneys could get Lodestar. The class representatives could not enforce that contract to their benefit at all. The benefit of the class counsel agreement was for class counsel, not the class representatives. And that is the point here. The problem is, is that when I went to try to get my fee for the non-class claims, I had a valid claim there. Because, and I think the court was unnerved, was nerved, because I said, well, all right, if the class representatives are getting hundreds of thousands of dollars, then that, those amounts should be in the notice, should have been in the notice to the class members, so they know that their class representatives are getting way more of an incentive payment than they should be. And so in punishing me for bringing that issue up, because as we all know, there's case law that says the class reps can't get a disproportionate amount of money for representing the class. And here, if the class representatives at the time of settlement of the class knew that they were getting and sharing $2.7 million, that had to have been separate. That had to have been separate. Because if not, then there should have been notice to the class members that they were going to get hundreds of thousands of dollars. Some of the class members only got $175. Derek Satchel, the class rep, got $600,000. Judge Ilson sealed the record so nobody, the public, could find out what the class members got in settlement. Is that a veiled suggestion on this conduct by Judge Ilson? No, Your Honor. I'm not saying that. I'm saying these are the facts. And when I brought the issue before, when I was raising the issue that they were separate and that my fee should have came out of the non-class claims, this Court didn't investigate. And I, in my papers, when I briefed it, I raised the issues. And I said that the numbers... I'm just going to argue for you here, if that's okay. Okay. Yes, Guy Wallace for the plaintiffs. We think that... I don't think I have much to add. The District Court got it just right. We were put in the position of having to defend the plaintiffs from the attempt to recover an issue of fees, from the attempt to recover an issue of fees. Now, if I'm... am I understanding this right, the fees that were at issue were the fees that Mr. McCoy said, or represented to Judge Ilson, he was not seeking and would not seek? Are those the fees we're talking about? Well, how I understand it is as follows. We got to the end of the class case. There were class claims and non-class claims.  And it was a very substantial class settlement, both monetarily in terms of the injunctive relief. And those counsel who wished to receive a reward of reasonable fees and costs, put in their application to the District Court at that time. And yes, there was no indication in that submission for Mr. McCoy or anyone else that they would be seeking additional fees for the main plaintiffs in connection with settlement of individual claims. And there were very substantial fee awards to counsel, including Mr. McCoy and, frankly, my friend. And that was sufficient to address all of the time and costs that went into that act of election. Subsequently, Mr. McCoy took the position that on top of that award of fees, which was in the amount of $1,070,000 in his firm, he wanted an additional $1,000,000 that was going to come out of the individual claim settlements of the class representatives. The class representatives were very upstanding, understandably, and talked to us about this. And we represented their interests in appropriating the Attorney Virginia Agreement and the Co-Counsel Agreement, which were in parallel with each other on the key provision, which is, if you want fees, you're going to have to apply to the District Court for them. You're going to receive an award of reasonable fees from the District Court. And that's the way we did. And we then, of course, had a whole dispute about what that meant, and hopefully it came this way in front of Your Honors, with Your Honors affirming Judge Ilse. So clearly, the name claims to the class representatives, they were the real clients of interest here. We undertook the role of representing them. And what is the basis, contractual or statutory, for awarding prevailing party fees to you? Assuming that you're right, that you represented the class reps. We believe it's contractual, Your Honor. And in which agreement? There is a fee provision in the Co-Counsel Agreement, but both the Attorney-Retainer Agreement and the Co-Counsel Agreement contain the same core provision that was issued, which is, you're going to be making a fee application to the District Court, and you shall receive the fees that are reasonable from the District Court or from the Ninth Circuit. And it's on that basis, contractual basis, that Judge Ilsen gave you fees as prevailing party, and with the assumption that you're representing the class representatives. That is correct. I don't think we have more to add. Okay, thank you. Mr. McCoy, you went over, but we will give you one minute to respond. Okay, thank you, Your Honor. First of all, Your Honor, the Co-Counsel Agreement was not signed by any of the plaintiffs, class reps in the case. Secondly, I didn't know that the individual settlements had happened, so I could not have advised the court that I was going to get additional monies from the non-class plaintiffs, because I didn't know about it. Mr. Wallace kept me, and the other attorneys went to Memphis and Atlanta to settle the case, because I had a conflict in my schedule. I didn't know the individual claims had been settled. If so, I would have informed the court of that. But they did, and they didn't tell the court. Now it sounds as though you're accusing them of misconduct. No, I'm not accusing anybody of anything, Your Honor. I'm just telling the court what the facts are. And the court can do its own investigation. The court can look at the record. The court can see that the trial court sealed the record. Now this is supposed to be transparency. This is a class action lawsuit. The public is supposed to go to the record and find out how much class representatives got, if they're representing class members. Class members should also be able to find out, through the court's record, how much class representatives received. Now I'm not saying misconduct to anybody, but I would hope that the court would investigate this matter further, because it's all in the record. You've just used up your minute. I'll give you one sentence if you want it. Your Honor, I think that this issue should be, this matter of the trial court should be reversed, because there's no case law that says that a class representative is a third-party beneficiary to a co-counseling agreement. So it would be a floodgate of folks coming in here. And thank you very much. Thank you.
judges: Jones, Fletcher W. , Smith N. R.